## THE PEOPLE v. JOSEPH BAGNELL.

CHARGE IN CRIMINAL CASE.—In order to determine the correctness of the charge of the Court to a jury in a criminal case, its different parts must be considered in their relations to and with each other.

JURY.—The presumption is that a jury are capable of understanding the whole charge of the Court in its connected relations and application to the facts.

Appeal from the District Court, Fourth Judicial District, City and County of San Francisco.

The Court instructed the jury as follows : " If you believe from the facts that the defendant, being a man of abandoned and malignant heart, (at the time and place aforesaid,) having no considerable provocation with the person whose name is stated in the indictment, then and there struck said person with a mallet sufficiently large to cause death, with the intention of inflicting upon the person of the deceased a severe wound, of which wound the deceased soon thereafter died, then I charge you that the defendant is guilty of murder of the first degree, and you will so find by your verdict." The Court further charged the jury as follows : " If you have any reasonable doubts whether the defendant is guilty of murder of the first degree or second degree, you will give the defendant the benefit of that doubt and find your verdict for murder of the second degree. If you have any reasonable doubt whether the defendant is guilty of murder or manslaughter you will give the defendant the benefit of that doubt, and find him guilty of manslaughter. If you do not find him guilty of either murder or manslaughter, you will find a verdict of not guilty."

The other facts are stated in the opinion of the Court.

*Jabish Clement,* for Appellant, argued that the charge of the Court was prejudicial to the defendant, because it assumed as proven that the defendant had been guilty of some crime, and was a man of bad character.

*J. G. McCullough, Attorney-General,* for the People.

By the Court, Currey, C. J. :

The defendant was tried for the alleged murder of Pollit Brousard, charged in the indictment to have been committed in March, 1865, at the City and County of San Francisco.

He was found guilty of the crime of manslaughter, and sentenced to the State Prison for the term of ten years.

I. On appeal the defendant maintains that the judgment cannot be upheld, because there was no evidence produced before the jury establishing the *corpus delicti*—that is, that the person called Pollit Brousard in the indictment was killed, and that his death was the result of criminal human agency. The testimony shows that in the nighttime of the 19th of March, 1865, the defendant, at a saloon kept by him, struck the person called Brousard several blows upon his head with a mallet; that thereupon Brousard was assisted by some persons present to a place some twenty feet from the door of the saloon, where he sank to the ground, and while upon the ground he bled profusely and groaned as if in great agony. He was afterwards brought into the defendant's house, and there remained insensible until the next morning, when the defendant had him removed to St. Mary's Hospital. The injured man was described by the witnesses to be a Frenchman and a sailor by occupation. On the day Brousard was left at the hospital a man died there from injuries received upon his head of a description that would have been produced by blows with an instrument of the character of that used by the defendant the night previous upon the head of Brousard. Dr. Harris, the Coroner, testified that he had the body of the dead man (whose name he said was Pollot Brousard or Joseph Pollard) removed from the hospital, and he testified, and so did another surgeon, to the effect that the deceased came to his death in consequence of the injuries which he had recently received, by which his skull was badly fractured. No question seems to have been suggested on the trial that the man who died at the hospital was not the same person who was beaten by the defendant, and we are of opinion that upon this point there is no room to doubt whatever, and we are also of opinion that the evidence warranted the conclusion that the deceased came to his death by reason of the blows inflicted upon his head by the defendant.

II. The defendant complains of the charge of the Court to

the jury. Considering the different portions of the charge in their relations to and with each other, we think it in all substantial particulars correct, and quite as favorable to the defendant as the law applicable to the subject warranted. It cannot be assumed that the jury were otherwise than "good and lawful men"—men of at least ordinary common sense, who were capable of understanding the whole charge of the Court in its connected relations and in its application to the facts of the case.

Judgment affirmed.